Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| RAQUEL MARTÍNEZ NEVÁREZ<br><br>Recurrida<br><br>v.<br><br>AMADOR NIEVES VALLE<br><br>Peticionario | KLCE202301240 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Vega Alta<br><br>Sala: 701<br><br>Caso Civil Núm. VA2023CV00125<br><br>Sobre: DESAHUCIO EN PRECARIO |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Juez Ponente, Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de diciembre de 2023.

Comparece la parte peticionaria, Amador Nieves Valle, para solicitarnos que se revise una *Resolución* emitida y notificada el 15 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Vega Alta, mediante la cual se declaró No Ha Lugar a la moción del peticionario solicitando la conversión del desahucio en precario a uno ordinario.

Por los fundamentos que expondremos a continuación, se desestima el recurso por académico.

I

El 15 de junio de 2023, la recurrida, Raquel Martínez Nevárez, instó una *Demanda* para solicitar el desahucio en precario en contra del Sr. Nieves Valle. Luego de varios trámites procesales, el 12 de septiembre de 2023, el Sr. Nieves Valle presentó una *Comparecencia Especial y Solicitando Transferencia de la Vista* donde arguyó que se configuró un concubinato *more-uxorio* entre las partes y que, en su consecuencia, procedía la

conversión del procedimiento de desahucio en precario a uno ordinario. La Sra. Martínez Nevárez presentó su oposición el 14 de septiembre de 2023.

El 15 de septiembre de 2023, el Tribunal de Primera Instancia emitió una *Resolución* declarando No Ha Lugar a la conversión del pleito, indicando que las alegaciones de créditos deben ser presentadas en un pleito independiente. El Sr. Nieves Valle presentó una *Moción de Reconsideración* dentro del término y, el 26 de octubre de 2023, el Foro de Instancia declaró No Ha Lugar a la moción.

Inconforme, el 7 de noviembre de 2023, el Sr. Nieves Valles presentó un auto de *certiorari* ante este foro revisor con el siguiente señalamiento de error:

A. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE VEGA ALTA, AL DECLARAR NO HA LUGAR LA CONVERSIÓN DEL PROCEDIMIENTO DE DESAHUCIO A UNO ORDINARIO, HABEINDO [sic] ALEGACIONES QUE CONFIGURAN UN CONCUBINATO *MORE UXORIO* Y PROVOCAR UN INTERÉS PROPIETARIO QUE IMPIDE UN DESAHUCIO EN PRECARIO, EN VIOLACION AL DEBIDO PROCEDIMIENTO EN LEY.

Luego de haber comparecido ante nos, el 28 de noviembre de 2023, la Sra. Martínez Nevárez presentó en el Tribunal de Primera Instancia una *Moción Solicitando Desistimiento al Amparo de la Regla 39.1 de Procedimiento Civil, sin Perjuicio*. En apretada síntesis, la Sra. Martínez Nevárez solicitó el desistimiento sin perjuicio por orden del tribunal por cuestiones graves de salud. El mismo día, el foro *a quo* dictó *Sentencia* mediante la cual declaró Ha Lugar la solicitud y ordenó el cierre y archivo del caso, sin perjuicio.

Así las cosas, el 29 de noviembre de 2023, el Sr. Nieves Valle presentó ante este foro intermedio una *Moción Solicitando Destimación* [sic] *Por Academicidad* en virtud de la *Sentencia*

dictada por el Tribunal de Primera Instancia. En atención a dicha moción, procedemos a exponer el derecho aplicable y resolver conforme a ello.

II

## A. *Academicidad*

La academicidad es una de las manifestaciones del concepto de justiciabilidad que enmarca los límites de la función judicial.[1] Un caso es académico cuando pierde su carácter adversativo, bien por cambios fácticos o judiciales, acaecidos durante el trámite judicial y ello torna su solución en ficticia, convirtiéndose en una opinión consultiva.[2] Es decir, el pleito es académico cuando la sentencia que sobre el mismo se dictare, por alguna razón, no podría tener efectos prácticos.[3]

Al examinar la academicidad de un caso, se debe evaluar los eventos anteriores, próximos y futuros, a fines de determinar si su condición de controversia viva y presente subsiste con el transcurso del tiempo.[4] Una vez se determina que un caso es académico los tribunales tienen el deber de abstenerse y no puede entrar a considerar sus méritos.[5]

Por su parte, la Regla 83(B)(5) del Reglamento del Tribunal de Apelaciones[6] establece que, a solicitud de parte, este foro apelativo puede desestimar un recurso de apelación si se ha convertido en académico.

III

Evaluada la referida solicitud de desestimación y los documentos que obran en los autos, se declara "Ha Lugar" y, en

---

[1] *Super Asphalt v. AFI y otro*, 206 DPR 803, 815 (2021); *C.E.E. v. Depto. de Estado*, 134 DPR 927, 934 (1993).

[2] *Asoc. Foto Periodistas v. Rivera Schatz*, 180 DPR 920, 932-933 (2011); *Angueira v. JLBP*, 150 DPR 10, 19 (2000).

[3] *Cruz v. Administración*, 164 DPR 341, 349 (2005); *ELA v. Aguayo*, 80 DPR 552, 584 (1958).

[4] *San Antonio Maritime v. P.R. Cement Co.*, 153 DPR 374, 387 (2001).

[5] *El Vocero v. Junta de Planificación*, 121 DPR 115, 124-125 (1988).

[6] 4 LPRA Ap. XXII-B, R. 83(B)(5).

virtud de las disposiciones de la Regla 83(B)(5) del Reglamento del Tribunal de Apelaciones, se desestima el recurso por haberse tornado académico.

IV

Por los fundamentos antes esbozados, los cuales hacemos formar parte de esta Resolución, se desestima el recurso por académico.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones